**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:21-cv-99 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| TWO THOUSAND, SIX HUNRDED FIFTY-FOUR AND 00/100 DOLLARS ($2,654.00) IN UNITED STATES CURRENCY, *et al.*, | : : : | |
| | : | |
| Defendants. | : | |

---

**ENTRY AND ORDER GRANTING PLAINTIFF UNITED STATES' MOTION TO STRIKE (DOC. NO. 10), STRIKING THE ANSWER (DOC. NO. 13) FILED BY CLAIMANT MAGEN FANSHER, AND STRIKING THE CLAIM (DOC. NO. 9) FILED BY CLAIMANT MAGEN FANSHER**

---

This is a civil *in rem* forfeiture action filed by the United States of America (the "Government"). (*See* Doc. No. 1.)  The action involves three defendants (each one an amount of United States currency) allegedly seized at the Dayton International Airport from Magen Fansher ("Fansher") on or about September 22, 2020 as property furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, or items used or intended to be used to facilitate a violation of 21 U.S.C. § 841 or a conspiracy to commit such an offense.  (*Id.* at PageID 2-3.)

Fansher filed a Verified Claim in this action.  (Doc. No. 9.)  Pursuant to Rule G of the Federal Rules of Civil Procedure's Supplemental Rules for Admiralty or Maritime Claims and Civil Forfeiture Actions (the "Supplemental Rules"), the Government filed a motion to strike. (Doc. No. 10.)  Fansher filed an Opposition to the Government's motion to strike (Doc. No. 14), and the Government filed a Reply in support of its motion to strike (Doc. No. 15).  The motion is

1

fully briefed and ripe for review and decision. (Doc. Nos. 10, 14, 15.)

For the reasons discussed below, the Court **GRANTS** the motion to strike (Doc. No. 10) and **STRIKES** the Verified Claim For Forfeiture *In Rem* (Doc. No. 9) and the Answer to Verified Complaint for Forfeiture *In Rem* (Doc. No. 13), both filed by claimant Fansher.

### I.    SUPPLEMENTAL RULE G AND STANDING IN FORFEITURE ACTIONS

"The rules governing civil in rem forfeiture actions are found in 18 U.S.C. § 983 and Rule G of the" Supplemental Rules. *United States v. $31,000.00 in U.S. Currency*, 872 F.3d 342, 347 (6th Cir. 2017). "Rule G details various procedures with which parties to an in rem forfeiture action must comply." *Id.*

Two provisions of Rule G are the most significant for purposes of deciding the pending motion to strike. First, "Rule G(5) outlines how a claimant may become a part of the case and requires a would-be claimant to file two pleadings," a claim and an answer. *$31,000.00 in U.S. Currency*, 872 F.3d at 347. Subpart (b) of Rule G(5) states: "A claimant must serve and file an answer to the complaint or a motion under Rule 12 [of the Federal Rules of Civil Procedure] within 21 days after filing the claim." Second, Rule G(8)(c) deals with motions to strike a claim or answer. Subpart (i) of Rule G(8)(c) states: "At any time before trial, the government may move to strike a claim or answer: (A) for failing to comply with Rule G(5) or (6), or (B) because the claimant lacks standing."

A claimant must have standing to challenge a forfeiture action. *$31,000.00 in U.S. Currency*, 872 F.3d at 348. Courts "have distinguished between Article III standing and statutory standing." *Id.* In addition to demonstrating Article III standing as in any federal lawsuit, a claimant must "comply with Rule G in order to establish statutory standing." *Id.* at 348-49. "A single deviation from the statute's requirements deprives a claimant of statutory standing." *Id.* at 349 (citing *United States v. One 2011 Porsche Panamera*, 684 F. App'x 501, 506-08 (6th Cir. 2017));

*see also United States v. $22,050.00 in U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010) ("our cases discussing motions to strike claims under Supplemental Rule G favor strict adherence to the rules and generally do not excuse even technical non-compliance with the rules"); *cf. McNeil v. United States*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

## II.     ANALYSIS

The Government asks the Court to strike Fansher's answer (Doc. No. 13) and her claim (Doc. No. 9) "for failure to file a timely answer with the Court in accordance with Rule G(5), which deprived her of statutory standing to contest the forfeiture." (Doc. No. 15 at PageID 91.)

On March 23, 2021, in accordance with Rule G(2), the Government filed a Verified Complaint for Forfeiture *In Rem* against the three defendant amounts of United States currency. (Doc. No. 1.) Subsequently, in accordance with Rule G(4)(b)(i), the Government sent direct notice of this action (the "Direct Notice"), with a copy of the Complaint, to Fansher by certified and regular mail.[1] (Doc. No. 8.) Among other things, the two-page Direct Notice advised Fansher of (1) the date when the notice was sent, i.e., April 5, 2021; (2) the deadline for filing a claim, i.e., May 10, 2021; (3) that an answer or a motion under Rule 12 must be served and filed no later than 21 days after filing the claim; (4) the name of the government attorney to be served with the claim and answer; (5) the address of the Clerk of Court; and (6) that failure to file a claim and answer or motion under Rule 12 within the time limits would result in the property being forfeited to the United States. (Doc. No. 8-1 at PageID 41-42.) The Direct Notice to Fansher specifically stated:

---

[1] Fansher also acknowledged that she "received the complaint from the United States of America on or around March 23, 2021." (Doc. No. 14 at PageID 82.) She had notice of the forfeiture action on or around March 23, 2021. Additionally, tracking information and a return receipt shows that Fansher received a copy of the Direct Notice and the verified complaint on or around April 13, 2021. (Doc. No. 8-1 at PageID 39-44.)

> **DATE NOTICE SENT:** April 5, 2021
>
> …
>
> Re: *United States v. Two Thousand Six Hundred Fifty-Four and 00/100 Dollars ($2,654.00) in United States Currency, et al.*
> Case No. 3:21-CV-099-TMR
>
> **DEADLINE TO FILE A CLAIM:** <u>May 10, 2021</u>
>
> **DEADLINE TO FILE AN ANSWER:** <u>21 Days after Filing a Claim</u>
>
> …
>
> In addition, any person having filed a claim <u>must</u> serve and file an answer to the Complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within **twenty-one (21) days** after filing the claim.
>
> …
>
> **FAILURE TO FILE A CLAIM AND ANSWER OR MOTION UNDER RULE 12 WITHIN THE TIME LIMITS WILL RESULT IN THE PROPERTY BEING FORFEITED TO THE UNITED STATES.**
>
> …

(Doc. No. 8-1 at PageID 41-42 (emphasis in original).) The Direct Notice also referenced Rule G(5) of the Supplemental Rules.[2] (*Id.*)

According to the motion to strike, the Government received a deficient claim from Fansher on May 6, 2021. (Doc. No. 10 at PageID 49.) However, on June 1, 2021, Fansher did file a Verified Claim for Forfeiture *In Rem* in this action.[3] (Doc. No. 9.) Therefore, in accordance with Rule G(5)(b), Fansher had until June 22, 2021 to serve and file either an answer to the complaint or a motion under Federal Rule of Civil Procedure 12. As shown above, the Direct Notice indicated this time requirement to Fansher in emphasized text. (Doc. No. 8-1 at PageID 41-42.)

---

[2] Additionally, the United States published notice of this civil forfeiture action on an official government forfeiture internet website (www.forfeiture.gov) for 30 consecutive days beginning on March 26, 2021. (Doc. No. 7.)
[3] In its motion to strike, the Government states that it does not object to the timeliness of Fansher's filed claim (Doc. No. 9). (*See* Doc. No. 10 at PageID 50.)

However, Fansher did not serve and file either an answer to the complaint or a motion under Rule 12 until September 14, 2021, when she filed an Answer to Verified Complaint for Forfeiture *In Rem* (and did so without first obtaining leave of court). (Doc. No. 13.) Thus, Fansher filed her answer 84 days after the deadline and more than three months from the date she filed her claim. Plainly, Fansher failed to comply with Rule G(5)(b). As a result, she lacks statutory standing to contest the forfeiture of the Defendants in this case. *$31,000.00 in U.S. Currency*, 872 F.3d at 349 (a claimant must comply with Rule G to establish statutory standing, and a single deviation deprives a claimant of statutory standing); *One 2011 Porsche Panamera*, 684 F. App'x at 507 (affirming district court's decision to strike claims because the claimants failed to establish statutory standing where their proffered answers were untimely).

In her Opposition, Fansher argues that she was unaware that she had to file an answer with the Court until receiving the Government's motion to strike "on or around July 22, 2021." (Doc. No. 14 at PageID 82.) There are a few problems with this argument. First, Fansher's assertion cannot be correct because the Government did not file the motion to strike until August 20, 2021. Second, as shown above, Fansher was (repeatedly) informed in the Direct Notice that she had to file an answer within 21 days after filing her claim. (*See* Doc. No. 8-1 at PageID 41-42.) The Direct Notice also references Rule G(5) (*see id.*), which likewise plainly states that "[a] claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim." Third, even assuming as true Fansher's statement that she was unaware until on or around July 22 that she had to file an answer, she still did not file the answer until September 14, 2021, which was 54 days after July 22, 2021. Fansher does not explain that 54-day delay in filing her answer.[4] While the Court does not doubt that Fansher has experienced stress and trauma

---

[4] Fansher also states that she "was unaware of the Supplemental Rule G(4)(a)(iv)(C) or that it was a part of this process." (Doc. No. 14 at PageID 82.) However, that subpart relates to the Government providing notice by

5

(*see* Doc. No. 14 at PageID 83), she was able to file a verified claim yet never sought an extension with the Court to file her answer (or a Rule 12 motion) and did not act diligently in filing her answer—despite receiving notice of the forfeiture action in March and the Direct Notice in April. *See United States v. $417,143.48 in U.S. Currency*, 682 F. App'x 17, 19-20 (2d Cir. 2017) ("a critical purpose of Rule G is that it forces claimants to come forward as quickly as possible after the initiation of forfeiture proceedings, so that the court may hear all interested parties and resolve the dispute without delay," and "[t]hat purpose would be thwarted if claimants came to view the strictures of Rule G as mere suggestions rather than as rules that will presumptively be enforced"). Fansher's statements and actions are difficult to square with her own description of herself as "a hard-working full time professional, recent business student and entrepreneur." (Doc. No. 14 at PageID 86.)

Pursuant to Rule G(8)(c)(i), and the law set forth above, the Court strikes Fansher's Answer (Doc. No. 13) and Fansher's Claim (Doc. No. 9). Fansher's Answer failed to comply with Rule G(5), a claimant must "comply with Rule G in order to establish statutory standing," and a claimant must have standing to challenge a forfeiture action. *$31,000.00 in U.S. Currency*, 872 F.3d at 348-49; *see also* Rule G(8)(c)(i) ("[a]t any time before trial, the government may move to strike a claim or answer: (A) for failing to comply with Rule G(5) or (6), or (B) because the claimant lacks standing"); *U.S. v. $12,126.00 in U.S. Currency*, 337 F. App'x 818, 820 (11th Cir. 2009) (affirming district court striking claim because of claimant's failure to timely file an answer, and explaining that the "district court was entitled to insist upon strict compliance with the procedural requirements set forth in Rule G(5) and, thus, to strike [claimant's] claim for lack of statutory

---

publication through posting a notice on an official internet government forfeiture site for at least 30 consecutive days. Fansher does not explain what relevance that subpart has to the motion to strike. Again, here, the Government provided Direct Notice to Fansher as a potential claimant, in accordance with Rule G(4)(b)(i).

standing to contest the forfeiture").

This outcome also is amply supported by the Sixth Circuit's decision in *One 2011 Porsche Panamera*. In affirming the district court's decision in that case to grant the government's motion to strike the claimant's claims and grant the government's motion for default judgment, the Court of Appeals explained:

> In this case, it is undisputed that Claimants did not comply with the strict dictates of Rule G. While Claimants did timely file verified claims, they did not file answers to the complaint within twenty-one days of filing their claim. In fact, it was not until the government filed a motion to strike Claimants' claims that Claimants filed a proposed untimely answer. At this point, the proffered answers were untimely by over three months ….

*One 2011 Porsche Panamera*, 684 F. App'x at 506-07. The Court of Appeals also explained that, in granting the motion to strike, the district court had considered whether claimants had notice of the forfeiture action (finding that they had actual notice) and had noted that the claimants had no explanation for why they were able to file timely claims, but not a timely answer or Rule 12 motion. *Id.* at 507. It affirmed the district court's decision to grant the government's motion to strike claimants' claims for failure to establish statutory standing and deny claimants leave to file an untimely answer. *Id.* at 507-08.

### III.     CONCLUSION

For the reasons stated above, the Court **GRANTS** the Government's Motion to Strike (Doc. No. 10). The Court **STRIKES** the Answer to Verified Complaint for Forfeiture *In Rem* (Doc. No. 13) and the Verified Claim For Forfeiture In Rem (Doc. No. 9), both filed by claimant Magen Fansher.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, October 12, 2021.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
