**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:21-cv-99 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| TWO THOUSAND, SIX HUNDRED FIFTY-FOUR AND 00/100 DOLLARS ($2,654.00) IN UNITED STATES CURRENCY, *et al.*, | : : : | |
| Defendants. | | |

**DEFAULT JUDGMENT IN A CIVIL CASE
AND DECREE OF FORFEITURE OF THE DEFENDANTS**

[ ] **Jury verdict.** This action came before the Court for a trial by Jury. The issues have been tried and the jury has rendered its verdict.

[ ] **Decision by Court.** The action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

[x] **Decision by Court.** This action was decided without a trial or hearing.

This matter comes before the Court on the motion of the United States for a default judgment and decree of forfeiture (Doc. No. 19). The United States filed the motion on October 27, 2021, no opposition to the motion has been filed, and the time for filing any opposition has passed. In the motion, the United States seeks a default judgment against the following: Defendant 1, Two Thousand, Six Hundred Fifty-Four and 00/100 Dollars ($2,654.00) in United States Currency; Defendant 2, Four Thousand and 00/100 Dollars ($4,000.00) in United States Currency;

Defendant 3, Six Thousand and 00/100 Dollars ($6,000.00) in United States Currency; Magen Fansher; and all other persons and entities who might have an interest in the defendant property. (Doc. No. 19.) The United States also seeks a decree of forfeiture against the defendant property. (*Id.*)

The United States filed a Verified Complaint for Forfeiture *In Rem* on March 23, 2021, against the defendants: Two Thousand, Six Hundred Fifty-Four and 00/100 Dollars ($2,654.00) in United States Currency (Defendant 1); Four Thousand and 00/100 Dollars ($4,000.00) in United States Currency (Defendant 2); and Six Thousand and 00/100 Dollars ($6,000.00) in United States Currency (Defendant 3) (the "defendant property"). (Doc. No. 1.) Christopher A. Coverstone, who is a Task Force Officer with the Drug Enforcement Administration ("DEA"), verified the complaint. (*Id.*)

The complaint alleges that the defendant property is subject to forfeiture under 21 U.S.C. § 881(a)(6) because it represents property furnished or intended to be furnished in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense, in violation of 21 U.S.C. § 846. (*Id.*)

A Warrant of Arrest *In Rem*, issued by the Court on March 25, 2021, directed the United States Marshal Service ("USMS"), the DEA, any duly authorized law enforcement officer, or their delegate(s) to arrest the defendant property. (Doc. No. 2.) In accordance with the warrant, the USMS arrested the defendant property, bringing it within the jurisdiction of the Court. (Docs. 4-6.)

Pursuant to Rule G(4)(b)(i) of the Supplemental Rules, "[t]he government must send notice of the action with a copy of the complaint to any person who reasonably appears to be a

potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)." The direct notice instructs the potential claimant or the potential claimant's attorney of the following: 1) the date when the notice was sent, 2) the deadline for filing a claim which is at least 35 days after the notice was sent, 3) that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim, and 4) the name of the government attorney to be served with the claim and answer. Supplemental Rule G(4)(b)(ii). "The notice must be sent by means reasonably calculated to reach the potential claimant." Supplemental Rule G(4)(b)(iii)(A).

In this case, the United States represents that it has sent direct notice of this action with a copy of the complaint to all known potential claimants. On April 5, 2021, the United States sent direct notice and a copy of the complaint by regular and certified mail to Magen Fansher, advising her that the deadline for filing a claim was May 10, 2021. (Doc. No. 8, Exhibit 1.)

Pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules, the United States is required to publish notice in a manner reasonably calculated to notify potential claimants of the civil forfeiture action on an official internet government forfeiture site for at least 30 consecutive days. The United States posted notice of this civil forfeiture action on the official internet government forfeiture site, (www.forfeiture.gov), beginning on March 26, 2021, for 30 consecutive days. (Doc. No. 7.)

On June 1, 2021, Magen Fansher ("Fansher") filed a Claim (Doc. No. 9), asserting an interest in the defendant property, and on September 14, 2021, Fansher filed an untimely Answer (Doc. No. 13) to the complaint.

On October 12, 2021, the Court granted the United States' motion to strike Fansher's claim and answer. (Doc. No. 16.)

On October 26, 2021, the Clerk of this Court entered a default against the defendant property, under Rule 55(a) of the Federal Rules of Civil Procedure, for failure to plead or otherwise defend as required by law. (Doc. No. 18.)

No person or entity other than Fansher has filed a claim to the defendant property or an answer to the complaint, and the time to do so has expired.

Therefore, it is hereby ORDERED that, in accordance with Rule 55(b)(2) of the Federal Rules of Civil Procedure, a default judgment is granted to the United States against the following:

1. Defendant 1, Two Thousand, Six Hundred Fifty-Four and 00/100 Dollars ($2,654.00) in United States Currency;

2. Defendant 2, Four Thousand and 00/100 Dollars ($4,000.00) in United States Currency;

3. Defendant 3, Six Thousand and 00/100 Dollars ($6,000.00) in United States Currency;

4. Magen Fansher; and

5. All other persons and entities who might have an interest in the defendant property,

for failure to file a claim and answer in accordance with 18 U.S.C. § 983(a)(4)(A) and (B) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

It is further ORDERED, ADJUDGED, and DECREED that:

1. All right, title and interest in the defendant property is CONDEMNED and FORFEITED to the United States, pursuant to 21 U.S.C. § 881(a)(6), because the defendant property represents property furnished or intended to be furnished in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense, in violation

of 21 U.S.C. § 846;

      2.      All right, title, and interest in the defendant property is vested in the United States, and no right, title, or interest shall exist in any other person or entity;

      3.      The United States or an authorized agent thereof shall dispose of the defendant property in accordance with the law;

      4.      The Court shall retain jurisdiction to enforce the terms of this Order; and

      5.      This case is terminated on the docket of this Court.

IT IS SO ORDERED.

Date:   December 2, 2021                 s/Thomas M. Rose
                                             THOMAS M. ROSE
                                             UNITED STATES DISTRICT JUDGE